IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRIAN SALAS, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(b)<br><br>*Plaintiffs,*<br><br>v.<br><br>WIGMONT SERVICES LLC d/b/a SILVER WEST LIMOUSINES<br><br>*Defendant.* | Civil Action No. _____ |

## COMPLAINT

Brian Salas, individually and on behalf of similarly situated individuals, upon personal knowledge as to himself, and upon information and belief as to other matters, files this Fair Labor Standards Act ("FLSA") lawsuit and in support shows the Court and jury as follows:

### I. INTRODUCTORY STATEMENT

1. Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, overtime requirements, and other protections for employees.

2. However, Defendant attempted to circumvent the FLSA by paying its chauffeur employees a fixed rate of pay for each of the trips assigned, making unlawful deductions from tips, misappropriating lawfully earned tips, and failing to

pay employees overtime at a rate of one-and-one-half the regular rate for hours worked over forty (40) in a workweek.

3. Instead of paying in accordance with the FLSA, Defendant's practice of paying a fixed pay did not equal minimum wage for the hours its chauffeurs worked. Moreover, upon information and belief, Defendant failed to remit the full amount of the tips to its chauffeurs.

4. Defendant's actions violate the minimum wage provisions of Sections 206 and 207 of the FLSA. 29 U.S.C. § 206, 207.

## II. PARTIES

5. Plaintiff, Brian Salas, is an individual, who was employed by Defendant within the three (3) years preceding the filing of this lawsuit.

6. Mr. Salas' consent is attached as "Exhibit A." All pleas, pleadings, motions, discovery and other matters related in whole or in part to this case should be served on Plaintiff's attorney, Mr. Drew N. Herrmann of Herrmann Law, PLLC, 777 Main St., Suite 600, Fort Worth, Texas 76102.

7. The Class Members are all current and former chauffeur drivers who were paid a fixed rate for trips they were assigned. Class Members will "opt in" pursuant to Section 16(b) of the FLSA. 29 U.S.C. § 216(b).

8. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. Defendant, WigMont Services LLC dba Silver West Limousines ("Silver

West"), is a Texas corporation. Silver West can be served with process by serving its registered agent, Frank Edward Montgomery, Jr., at 5333 Fossil Creek Blvd, #1034, Haltom City, Texas 76137, or wherever he may be found.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction over the Fair Labor Standards Act claim because the FLSA arises under federal law.

11. This Court has jurisdiction over the parties because Defendant is doing business in Texas and employing Texas residents to work at Defendant's Texas business location.

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV. FLSA COVERAGE

13. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

14. At all material times, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had

(a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

17. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993).

18. Specifically, Plaintiff and Class Members have chauffeured Defendant's clients across interstate highways. Plaintiff was employed by Defendant within the previous three years of this lawsuit. Further, Plaintiff and Class Members have handled materials that have been moved or produced in interstate commerce, which Defendant has used in their business operations.

## V. FACTS

19. Defendant Silver West is a chauffeur transportation company located in Tarrant County, Texas.

20. At all times hereinafter mentioned, Plaintiff was a chauffeur working as an employee for Silver West.

21. The primary function of Silver West is the operation of a chauffeur company, providing ground transportation for individuals, businesses, and corporate clients. Defendant employs individuals as chauffeurs and pays the chauffeurs a flat-

rate of pay for trips that chauffeurs are assigned.

22. As part of the payment scheme, Defendant pays Plaintiff and other chauffeurs a fixed rate of pay, regardless of the actual time worked and never at time-and-one-half the regular rate for hours over forty (40) worked in a single workweek.

23. Defendant does not record the actual time spent working by Plaintiff or other chauffeurs but instead estimates Plaintiff's total trip time from estimated pick-up to drop-off times. Defendant does not pay its chauffeurs for any time spent waiting between trips, travel to pick up customers, return trip time, or any extra time that a trip takes beyond Defendant's initial estimate.

24. Defendant employed Plaintiff and the Class Members as chauffeurs during the three (3) year period prior to filing this lawsuit.

25. At all times relevant, Plaintiff and Class Members were employees as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d at 324.

26. Plaintiff and the Class Members received hourly compensation below the minimum wage and were not paid time-and-one-half the regular rate for hours worked over forty (40) in a workweek.

27. Further, upon information and belief, Defendant failed to remit to Plaintiff the full amount of Plaintiff's lawfully earned tips.

28. Plaintiff and the Class Members have been victimized by Defendant's common payment policy that violates their FLSA rights by denying them lawfully earned tips, failing to pay at least the required minimum wage for all hours worked,

and failing to pay overtime for hours worked over forty (40) in a workweek.

29. Further, Defendant required Plaintiff and Class Members to pay for licensing fees, which was a condition of employment. These costs are per se deductions, which violate the FLSA's requirement that minimum wage and overtime be paid "free and clear."

30. As a result of the Defendant's willful, unreasonable, and bad faith violations of the FLSA, there has become an amount due and owing to Plaintiff, an amount that has not yet been precisely determined. The employment and work records for the Plaintiff (including time and attendance records) are in the exclusive possession, custody, and control of the Defendant and the Plaintiff is unable to state at this time the exact amount owing to Plaintiff. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiff and other employees similarly situated from which the amount of Defendant's liability can be ascertained. *See* 29 C.F.R. Part 516.

## VI. COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff incorporates paragraphs 19-30 as if stated fully herein.

32. As part of its practice, Defendant has and is engaging in a pattern and practice of violating the FLSA on a class-wide basis, as provided above.

33. Plaintiff and the Class Members have the same pay structure, have the same job duties, and suffer from being paid less than the minimum wage and at rates less than one-and-one-half the regular rate for hours over forty (40) in a single

workweek.

34. Plaintiff and the Class Members are all non-exempt for purposes of minimum wage and overtime payments under the FLSA.

35. Defendant violated the FLSA by:

    a. Failing to pay Plaintiff and Class Members at least minimum wage for **all** hours worked.

    b. Failing to pay Plaintiff and Class Members at a rate not less than one-and-one-half times the regular rate.

    c. Failing to remit the full amount of the tips earned by Plaintiff and Class Members.

    d. Requiring or permitting Plaintiff and Class Members to work off-the-clock.

36. Defendant's failure to pay minimum wage and overtime compensation pursuant to the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. Plaintiff's experience in regards to Defendant's payment practices is typical of the experiences of the Class Members.

37. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of wrongful conduct caused harm to Plaintiff and the Class Members that supports Defendant's FLSA liability.

## VII. CAUSE OF ACTION NO. 1: FAILURE TO PAY MINIMUM WAGE IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. During the relevant period, Defendant has violated and is violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at the minimum wage rate. Defendant does not pay Plaintiff and Class Members minimum wage for all hours worked. After accounting for all the time spent working, Defendant pays Plaintiff and Class Members less than the federally mandated minimum wage of $7.25 per hour for all hours worked.

39. Also, Defendant requires Plaintiff and Class Members to pay for the cost of licensing as a condition of employment, which violates the free and clear requirement of the FLSA. *See* 29 C.F.R. § 531.35. Under the FLSA, an employer must pay minimum wages "unconditionally" and "free and clear" of any reductions. *See* 29 C.F.R. § 531.35.

40. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for **all** hours worked at rate not less than the required minimum wage rate are applicable to Defendant, Plaintiff, or Class Members.

41. Defendant's failure to pay Plaintiff and Class Members at the minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206. Further, failure to remit the entire amount of Plaintiff's and Class Members' lawfully earned tips is a violation of Section 203(m). *See* 26 U.S.C. § 203(m).

## VIII. CAUSE OF ACTION NO. 2: FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

42. During the relevant period, Defendant has violated and is violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at the overtime rate. Defendant pays Plaintiff and Class Members fixed rate of pay regardless of the number of hours worked. Further, the overtime rate shall be based upon all remuneration received including all commissions, bonuses, and service charges.

43. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees the required overtime rate is applicable to Defendant, Plaintiff, or Class Members.

## IX. DAMAGES SOUGHT

44. Plaintiff and Class Members are entitled to recover compensation for the hours worked for which Plaintiff and Class Members were not paid at the federally mandated minimum wage rate.

45. Plaintiff and Class Members are entitled to all of the misappropriated funds, including remittance of the full amount of the tips Defendant received from customers, which were for the benefit of Plaintiff and Class Members.

46. Plaintiff and Class Members are entitled to recover compensation at a rate of one-and-one-half the regular rate for all hours worked over forty (40) in a workweek. The regular rate shall include all remuneration paid including bonuses,

commission, and service charges.

47. Plaintiff and Class Members are also entitled to an amount equal to all their unpaid wages as liquidated damages as Defendant's actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

48. Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## X. JURY DEMAND

49. Plaintiff and Class Members request trial by jury.

## XI. PRAYER

50. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant jointly and severally as follows:

   a. For an Order pursuant to Section 216(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join in the suit); and

   b. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

   c. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action; and

   d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates

allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _____
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com

**HERRMANN LAW, PLLC**
777 Main St., Suite 600
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 887-1878– fax
ATTORNEY FOR PLAINTIFF AND
CLASS MEMBERS

# Exhibit A

## Notice of Consent

     I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages from my former employer(s).

_____          1-12-17
Signature                                                  Date

Brian Salas
Printed Name

Exhibit A